JIM MANIES v. THE STATE.

No. 11112. Delivered March 7, 1928.
Rehearing denied April 11, 1928.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, two years in the penitentiary.

The facts are short and show appellant as the driver and apparent possessor of the car in which were found 328 quarts of tequila, shown by the testimony to be intoxicating. The defense was that appellant came to where some parties had said car, but were unable to induce it to go, and they got appellant to drive the car for them.

Complaint is made that the district attorney asked a witness who saw appellant drive the car in question into a garage at Eldorado, "What first attracted your attention to the car." The objection that it had not been shown that appellant was in possession of the car and that he could not be responsible for what attracted the witness' attention, seems without merit. Another bill complains that witness was asked to describe the condition of the car. The condition of the car was apparently what attracted the attention of the officers. It had a false bottom, and the signs were upside down and one of them badly crumpled up. We perceive no injury in the overruling of this objection.

Two bills of exception complain of the admission of testimony that the defendant was under the influence of intoxicating liquor at the time. The admission of this testimony was not error. He claimed to have no connection with the intoxicating liquor which he was transporting and that it belonged to others. His condition as being under the influence of intoxicating liquor was a circumstance to be considered by the jury in passing upon the entire case.

The remaining bill of exceptions complains of the refusal of appellant's motion for a peremptory instruction of not guilty, based on the proposition that the State had not made out the case as laid in the indictment. We can not agree to the soundness of the contention. The State had proved appellant in possession of the car and driving it. He gave his explanation, the truth of which was for the jury.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—We have re-examined the record in the light of appellant's motion but find no reason for changing the views already expressed.

The motion is overruled.

*Overruled.*